**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4588**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

MARVIN RAY WILBURN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:11-cr-00337-RJC-11)

Submitted: February 25, 2015          Decided: March 9, 2015

Before KING and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Ray Wilburn pled guilty, pursuant to a written plea agreement, to conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (2012). Based on a total offense level of 27, and a Criminal History category of VI, Wilburn's advisory Sentencing Guidelines range was 130 to 162 months' imprisonment. The district court imposed a 130-month sentence. Wilburn noted a timely appeal.

Wilburn's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court adequately considered injuries that Wilburn sustained in a robbery some years prior to the offense. Wilburn has filed a pro se supplemental brief raising two additional issues: (1) whether the factual basis was sufficient to support his conviction for conspiracy to commit money laundering; and (2) whether his conviction is invalid because he did not sign the stipulated factual basis.

Counsel questions whether Wilburn's sentence is unreasonable because the district court did not adequately consider the fact that Wilburn had been shot five times during a robbery that took place in 2000. This court reviews Wilburn's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41,

51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, selected a sentence based on clearly erroneous facts, and sufficiently explained the selected sentence. Id. at 49-51.

If the sentence is free of "significant procedural error," this court reviews it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014); United States v. Susi, 674 F.3d 278, 289-90 (4th Cir. 2012).

We find that the sentence imposed by the district court was both procedurally and substantively reasonable. The district court properly calculated Wilburn's sentencing range under the advisory Guidelines, considered the relevant § 3553(a) factors, and imposed a sentence within the applicable sentencing range. The court was fully aware that Wilburn had been shot in a robbery in 2000, remarking that it was "shocked that after

3

surviving five bullets . . . you would go back into the money laundering business." Wilburn did not seek a downward departure based on this factor, nor was he entitled to one. See USSG § 5H1.4 (providing that physical condition "may be relevant in determining whether a departure is warranted, if the condition . . . is present to an unusual degree and distinguishes the case from the typical cases covered by the guidelines."). According to the presentence report, Wilburn is in good physical health and is not under the care of a physician nor prescribed any medication. Because Wilburn cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence, we find that his 130-month sentence is substantively reasonable.

In accordance with Anders, we have reviewed the entire record, as well as the issues raised in Wilburn's pro se supplemental brief, and have found no potentially meritorious grounds for appeal. We therefore affirm Wilburn's conviction and sentence. This court requires that counsel inform Wilburn, in writing, of his right to petition the Supreme Court of the United States for further review. If Wilburn requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilburn. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>